MoKiNNEY, J.,
delivered the opinion of the court.
The plaintiff in error was indicted in the circuit court of Maury, under the Act of 1835, eh. 58, § 1. That section provides, that “ If any person or persons, whatsoever, shall directly or indirectly tempt or persuade any slave or slaves to leave his, her, or their master, or mistress’ service, with an intent or design to convey him, *402 her or them out of this State; or with intent or design to deprive the true owner thereof; or' shall harbor or conceal such slave or slaves for that intent or purpose, such person or persons shall, upon conviction thereof before any tribunal in this State having, jurisdiction thereof, be adjudged guilty of felony; and shall, for every such offense, be confined in the public jail and penitentiary for a term not less than three, nor more than ten years.”
At the IVIay Term, 1852, the jury found a special verdict in the following words: “We find that Jesse, the boy mentioned in the indictment, is a slave, the property of the Duck river Slack "Water Navigation Company; that said slave, Jesse, formed the determination to run away, and escape permanently from his owners; that ’this determination on the part of the slave, Jesse, was formed without his being persuaded or enticed thereto by the defendant. The jury further find, that Jesse, the slave, communicated this determination to the defendant; and, thereupon, the defendant undertook to aid the said slave, Jesse, in procuring free papers, and applied to a white man for the purpose; when the plot was detected. All these facts took place in Maury county,” &c. Hie jury submitted the question of law to the court, and fixed the period of confinement in the penitentiary at three years, should the court be of opinion that, upon the foregoing facts’; the defendant was guilty of the offense charged in the indictment.
The court adjudged that the defendant was guilty, and pronounced judgment accordingly; from which he prosecuted an appeal in error to this court.
The question for our determination is, are the facts stated in this verdict sufficient to constitute the offense *403 created by tlie statute ? It is laid down in Cbitty’s Criminal Law, (1 vol., 643,) that a special verdict must posi tively state tlie facts themselves, and not merely the evidence adduced to prove them; and all the circumstances constituting the offense, must be found, in order to enable the court to give judgment; for the court cannot supply a defect in the statement made by the jury on the record, by any intendment or implication whatsoever; see also, 2 East P. C., 108, Y84.
And this is so, although the circumstances stated might be sufficient to warrant an inference or presumption of the existence of the matter omitted. The court can deduce no conclusion, by way of intendment or presumption, from the facts stated in the verdict, in order to supply the omission of a material fact not stated. And every matter essential to the judgment which the court is called upon to pronounce, not found by the jury in their verdict, must be taken not to exist. From these well established principles, it is clear that the judgment is wholly unsupported by tlie verdict.
The offense defined in the statute, consists in the tempting or persuading a slave to leave his master’s service, with the intent or design to convey said slave out of this State; or to deprive the true owner thereof. It is the existence of such criminal “intent or design,” that constitutes the act of tempting or persuading, an offense. It is the chief ingredient of the offense, and must be averred and proved in order to support a conviction under the statute.
In this verdict, there is no finding of the fact of such an intent or design. This was a singular omission on the part of the jury, as the acts of the defendant, as stated in the verdict, furnish at least ample *404 frvma facie evidence of the criminal intent made necessary by the statute to constitute the offense. But this fatal omission cannot be supplied by the court. The tresult is, that the judgment rendered in the verdict must be set aside as wholly unwarranted. But, in doing this, the question remains to be considered, what judgment ought to be given here? "Whether a judgment of discharge, or whether" a judgment setting aside the verdict as a nullity, and remanding the defendant for another trial. It appears, in the practice of the English courts, that where a special verdict in a criminal case is so imperfect that no judgment can be given on it, but, still, from the facts found therein, it sufficiently appears that the defendant has been guilty of the crime charged, the court may, in misdemeanors, award a venire facias de novo. But it seems doubtful whether this can, or ought to be done in felonies of the high grade. And it is said that a judgment of discharge, by reason of an imperfect special verdict, will be no bar to another prosecution for the same felony; 1 Chitty’s Cr., § 646; Com. Dig. Indict. N.
This question was not noticed in the discussion of the case at the bar, and, therefore, we will not at present commit ourselves upon it. In the present case, we simply hold that no judgment can be given against the prisoner, on the special verdict; and, consequently, the judgment of the circuit court will be reversed, and the prisoner be discharged from this prosecution, leaving open for future adjudication, if necessary, the question, whether or not this judgment will constitute a bar to another prosecution for the same identical offense.
Judgment reversed.